```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA    :
                            :
     v.                     :         File No. 1:06-CR-19-01
                            :
KEITH J. BAKER              :
_____ :
```

                    Ruling on Defendant's Motions
                       (Papers 55, 56, and 64)

   Defendant Keith J. Baker ("Defendant") is charged with possession of a firearm and ammunition as a previously convicted felon.  Defendant submits several motions to the Court: (1) a motion to collaterally attack prior criminal history (Paper 55), (2) a motion for forensic and independent lab test (Paper 56), (3) Defense Answer to Governments [sic] Pretrial Motions (Paper 57), and (4) Defense Motion to Compel Governments [sic] Motions On Using Defendants [sic] Prior Felony Convictions (Paper 64).

   The government takes no position as to Defendant's motion for a forensic and independent lab test, did not respond directly to the Defense Motion to Compel Governments [sic] Motions On Using Defendants [sic] Prior Felony Convictions (Paper 64), and opposes Defendant's other motions.  (Paper 59).  For the following reasons, Defendant's motions (Papers 55, 56, and 64) are denied, some without prejudice to renew before or at trial or at sentencing, if necessary.

Background

Defendant is charged with two firearms offenses. Both allege violations of 18 U.S.C. § 922(g)(1). Count 1 charges Defendant with possession of a firearm as a previously convicted felon, from October 26, 2004 to June 23, 2005. Count 2 charges Defendant with possession of ammunition as a previously convicted felon, on June 23, 2005. Because he has three previous violent felony convictions, the government contends Defendant is subject to a mandatory minimum sentence of fifteen years under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

Discussion

A.   Use of Defendant's Prior Criminal History

Defendant objects to the government's use of his previous felony convictions to enhance any sentence he may receive under the ACCA. This is a sentencing issue and the Court will address it at sentencing, if necessary. The Court denies, without prejudice to renew at sentencing, this portion of Defendant's motion to collaterally attack prior criminal history (Paper 55).

Defendant also requests the Court to prevent the jury from hearing information about his past criminal convictions. (Paper 55 at 2). The government argues Defendant's prior felony history is relevant and admissible because it is required to prove the elements of 18 U.S.C. § 922(g)(1), and Defendant has not stipulated to the existence of a prior felony conviction. (Paper

59 at 2).  The government acknowledges that if the Defendant were to enter into a stipulation, the government would be obligated to accept it under <u>Old Chief v. United States</u>, 519 U.S. 172 (1997)).

At a December 4, 2007 hearing the Court recognized this issue as one to be dealt with prior to or at trial.  (<u>See</u> Transcript of Hearing, 12/4/07, hereinafter "12/4/07 tr." at 86).  Defendant's prior counsel agreed, and noted that if there was not a stipulation or admission of the prior felony, the Court ultimately would need to decide whether all of Defendant's previous convictions named in the Indictment could be part of the government's evidence.  (<u>See</u> 12/4/07 tr. at 87).

Accordingly, this aspect of Defendant's motion to collaterally attack prior criminal history (Paper 55) is denied without prejudice to renew before or at trial.

    B.   <u>Use of Evidence From the Ward Street Shooting</u>

Defendant moves to prevent the government from introducing evidence of his use of a firearm in a shooting on Ward Street in Burlington, Vermont on June 23, 2005.  (Paper 55 at 2, Paper 57 at ¶ 6).  To prove the charges alleged in the Indictment, the government maintains it must show Defendant possessed a firearm and ammunition during the relevant time period, which includes June 23, 2005.  (Paper 59 at 2-3). Therefore, evidence that

Defendant committed the shooting is both relevant and admissible under Fed. R. Evid. 401 and 403.[1]  Id.

Since the Court views this evidence as both relevant and admissible, this portion of Defendant's motions (Papers 55 and 57) is denied.

    C.    <u>Motion for Forensic and Independent Lab Test</u>

Defendant requests this Court to order an independent lab test of the alleged palm print on the empty shell casing. (Paper 56).  Defendant in this case is now pro se.  When requesting public funds under the Criminal Justice Act, 18 U.S.C. § 30006A(e)(1), a defendant must satisfy the district court that "the services are reasonably necessary, he must articulate a reasonable basis for [the requested services]."  <u>United States v. Sanchez</u>, 912 F.2d 18, 22 (2d Cir. 1990) (internal citation and quotation marks omitted).  Defendant has failed to articulate any basis for the independent lab test of the alleged palm print on the shell casing, and therefore Defendant's motion for forensic and independent lab test (Paper 56) is denied with leave to renew if specific reasons can be provided to the Court as to why the

---

[1] Fed R. Evid. 401 states: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
    Fed. R. Evid. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

requested lab test should be authorized.  See United States v. De La Pava, 1994 WL 194126, at *1 (E.D.N.Y. Apr. 4, 1994).

    D.   Motions to Suppress

The Court has dealt with these motions previously, but for the sake of clarity and finality, the Court will reiterate its findings.  Defendant moves to suppress the oral statements made to ATF Agent Steele on January 31, 2006 and evidence seized pursuant to the June 24 and June 28, 2005 search warrants. (Paper 57 at ¶¶ 3,11).

At a hearing on December 4, 2007, the Court ruled there were no improprieties in the failure to give Miranda warnings. Defendant neither disputes that he signed a Miranda waiver, (Paper 57 at ¶ 3), nor contests that such consent was knowing and voluntary. (See 12/4/07 tr. at 79-80).  Based on the evidence presented at the hearing, and the statements made by counsel, the Court found Defendant's statements to Agent Steele on January 31, 2006 were made voluntarily, and denied the motion to suppress and or dismiss on that basis. (Id. at 85, 86).  The Court recognizes Defendant contests the contents of the statements or even if he responded at all.  These are appropriate issues during a trial, but not a basis to suppress Defendant's alleged statements.

Similarly, based upon the evidence at a January 11, 2008 hearing, the Court ruled there were no improprieties in the June

24 and June 28, 2005 search warrants, and accordingly denied Defendant's motion to suppress the search warrants.

To the extent Defendant's motions deal with suppression of his statements to Agent Steele on January 31, 2006 and any evidence seized under the June 24 and June 28, 2005 search warrants, they are denied.

    E.    <u>Motion to Dismiss Count 2 of the Indictment</u>

Defendant moves to "Compel Governments [sic] Motions On Using Defendants [sic] Prior Felony Convictions." (Paper 64). Within this filing, Defendant discusses the use of his prior criminal history and urges the Court to dismiss Count 2 of the Indictment. The Court has already addressed the use of Defendant's prior criminal history raised through other motions, but since Defendant is now pro se, the Court interprets this filing liberally and construes it as a motion to dismiss Count 2 of the Indictment.

Defendant argues he was unaware it was a crime for a convicted felon to possess ammunition, so Count 2 should be dismissed because the government cannot prove he "knowingly" possessed ammunition as a convicted felon. The Indictment charges Defendant with "knowingly and intentionally possess[ing] in or affecting commerce" a firearm and ammunition. (Paper 2). In this context, "knowingly" refers to the possession itself, not whether Defendant knew the possession was a criminal act. <u>See</u>

United States v. Allah, 130 F.3d 33, 39 (2d Cir. 1997) ("In order to prove that a defendant 'knowingly' engaged in prohibited conduct, the government need only show that he knew he was engaging in that conduct, not that he knew his conduct was unlawful." (citing United States v. Sherbondy, 865 F.2d 996, 1001-03 (9th Cir. 1988))); see also United States v. Howard, 24 F. App'x 39, 41 (2d Cir. 2001) (unpublished summary order) ("Defendant's knowledge of the unlawful nature of his acts is not an element of a § 922(g) offense.").  Defendant's motion to dismiss Count 2 of the Indictment (Paper 64) is denied.

Motion to Compel

Defendant insists the government has not produced the photograph of a palm print on the shell casing, listed as Item 25 on the government's discovery letter (Paper 59-2 at 2), and moves to compel disclosure.  (Paper 57 at 5).  This issue was resolved at the hearing on March 25, 2008.

Request for Disclosure of Potential Witness

This portion of Defendant's motions also was resolved at the March 25, 2008 hearing.

Conclusion

For the reasons set forth above, Defendant's motions (Papers 55, 56, and 64) are DENIED.

The Court denies, without prejudice to renew, two portions of Defendant's motion to collaterally attack prior criminal

history (Paper 55).  At sentencing, if necessary, Defendant may renew his motion objecting to the government's use of his previous felony convictions to enhance any sentence he may receive under the ACCA.  Before or at trial, Defendant may renew his motion to prevent the jury from hearing information about his past criminal convictions.

Defendant may renew his motion for forensic and independent lab test (Paper 56) if he can present to the Court specific reasons as to why such a lab test should be authorized.

Finally, the Court recently permitted the defendant to file motions to dismiss based on alleged violations of the Fourth and Fourteenth Amendments (Paper 68), and the Speedy Trial Act (Paper 69).  The defendant hereby is informed that no further motions will be accepted for filing in this case, other than those motions mentioned above that may be renewed at or before trial or at sentencing.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of April, 2008.

          /s/ J. Garvan Murtha
          J. Garvan Murtha
          United States District Judge