```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF VERMONT

UNITED STATES OF AMERICA    :
                            :
     v.                     :         File No. 1:06-CR-19-01
                            :
KEITH J. BAKER              :
_____ :
```

RULING ON DEFENDANT'S MOTION TO DISMISS
(Paper 68)

Having recently ruled on various motions by Defendant Keith J. Baker ("Defendant"), the Court now considers Defendant's motion to dismiss the charges against him based on violations of his Fourth and Fourteenth Amendment Rights. (Paper 68). Defendant, charged with possession of a firearm and ammunition as a previously convicted felon, already moved to suppress all evidence and material from the search warrants dated June 24 and June 28, 2005 (Paper 42), which the Court denied. He then filed this motion, styled as a motion to dismiss, but substantively focusing on the same search warrants -- or their execution. At a May 29, 2008 hearing the Court requested the government respond in writing to ensure Defendant's motions concerning these search warrants were sufficiently addressed. For the following reasons, Defendant's motion to dismiss (Paper 68) is DENIED.

Discussion

Defendant urges the Court to dismiss the charges and indictment against him, arguing that despite a state issued no-

knock warrant, Federal ATF Agent Steele's ("Agent Steele") failure to knock-and-announce his intentions and purpose before entering Defendant's home, as required by 18 U.S.C. § 3109, violated Defendant's Fourth and Fourteenth amendment rights. Considering the government does not intend to introduce at trial any evidence seized in connection with the June 24, 2005 search warrant (Paper 79), the Court denies this portion of Defendant's motion to dismiss (Paper 68) as moot.[1]

The Court next turns to the June 28, 2005 search warrant, against which Defendant lodges two arguments.  First, Defendant claims the application for the warrant violates Vermont law because it merely states "a white trash bag," and fails to specify a particular place, property, or address.  (Paper 68 at 5).  Second, he notes the warrant application "specifically says to prove the Charge of Reckless Endangerment" but the State officer never charged him with that state charge.  Id.  Instead, the state officer "turn[ed] th[e] evidence over to ATF Burlington" who charged him with the two count indictment he now

---

[1] Even if this issue were not moot, and assuming Agent Steele violated the knock-and-announce requirement, suppression of any evidence would not be warranted on this basis.  See United States v. Acosta, 502 F. 3d 54, 61 (2d Cir. 2007) (holding "a claim by a defendant that federal officers violated the knock-and-announce rule under either the Fourth Amendment or 18 U.S.C. § 3109 cannot form the basis for suppression of the evidence obtained in the ensuing search.").

2

seeks to have dismissed.  Id.  Defendant therefore concludes that "State officers were used to get evidence for a federal crime to charge [him], not a State Charge as this warrant says." Id. at 6.

Defendant cannot challenge the search of the white trash bag on June 28, 2005 because he did not own the bag or the property on which it was found. (Paper 82 at 1).  Accordingly, Defendant did not have a reasonable "expectation of privacy in the place searched." Minnesota v. Carter, 525 U.S. 83, 88. (1998).[2]  This remaining portion of Defendant's motion to dismiss (Paper 68) is therefore also denied.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss (Paper 68) is DENIED.

SO ORDERED.

---

[2] Because Defendant is unable to assert a violation of his Fourth Amendment rights based on the search of the white trash bag, the Court need not address his argument concerning the use of state officers to gather evidence for a federal crime. However, the Court notes Defendant requests dismissal of the charges based solely on the involvement of state officers in "gathering evidence for a federal agent and trial." (Paper 82 at 2).  He does not assert that state officers violated any law during the search.  As such, Defendant fails to allege circumstances akin to those in Elkins v. United States, which he cites for support, wherein evidence was obtained by state officers "during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment" and was therefore inadmissible in a federal criminal trial. 364 U.S. 206, 223-24 (1960).

Dated at Brattleboro, in the District of Vermont, this 8th day of August, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
